# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1653

_____

Roman Eleuterio Smythe,

           Petitioner,

    v.

U.S. Parole Commission,

           Respondent.

\*    Appeal from the United States
\*    Department of Justice.
\*
\*       [PUBLISHED]

_____

Submitted:   November 5, 2002

Filed:   November 12, 2002

_____

Before WOLLMAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Roman Eleuterio Smythe, a United States citizen, was convicted of murdering a taxicab driver and sentenced to fifteen years in prison by the Republic of Panama. After serving the first five years of his sentence in Panama, Smythe requested a transfer to serve the remainder of his sentence in the United States under the Treaty Between the United States of America and the Republic of Panama on the Execution of Penal Sentences (the United States-Panama treaty), Jan. 11, 1979, U.S.-Panama, 32 U.S.T. 1565. A United States Magistrate Judge and two public defenders traveled to Panama for a verification of consent to transfer hearing. See 18 U.S.C. § 4108-09 (2000). As part of the hearing proceedings, Smythe signed a consent to transfer form.

Smythe was transferred to the United States on April 22, 1999. Five months later, the United States Parole Commission (Commission) held a hearing to set Smythe's release date. See 18 U.S.C. § 4106A(b)(1)(A) (2000).

At the release date hearing, Smythe argued he should serve no more than two-thirds of the fifteen-year sentence. In support of this argument, Smythe points to a statement of sentence computation on the bottom of a document from the Assistant Director, National Division of Corrections for the Republic of Panama. The document states Smythe's crime, sentence, and credit for time served, is signed by the Assistant Director, and bears the official seal. Below the signature, a statement titled "computation" states (in translation): "This inmate will have served 2/3 portion of this sentence on day 02 of the month of September of 2002, and the same in its entirety, on day 02 of the month of September of 2007."

The Commission hearing examiner applied the U.S. Sentencing Guidelines Manual to Smythe's case as required by 18 U.S.C. § 4106A(b)(1)(B)(i). The examiner determined Smythe's offense level to be 43 under U.S.S.G. § 2A1.1 because Smythe killed the cabdriver during a robbery, and Smythe's criminal history to be category I. Smythe's sentence under the guidelines would be life in prison. Under 18 U.S.C. § 4106A (b)(1)(C), however, the sentence of a transferred prisoner may not exceed the prison sentence imposed by the foreign court. Thus, the examiner recommended, and the Commission agreed, that Smythe must serve the full remainder of the fifteen-year sentence.

Smythe now appeals the determination of the United States Parole Commission. See 18 U.S.C. § 4106A(b)(2)(A). Smythe contends that his fifteen-year sentence exceeds the sentence he would have served if he had stayed in Panama, thus violates the terms of the Convention on the Transfer of Sentence Persons (the Convention), a treaty that became effective for Panama on November 1, 1999. Convention on the Transfer of Sentenced Persons, Mar. 21, 1983, art. 10, T.I.A.S.

10824. Questions of statutory and treaty interpretation are questions of law that we review de novo. We affirm the release date set by the Commission.

Smythe contends that his fifteen-year sentence violates Article 10, paragraph 2, of the Convention by aggravating the sanction imposed by Panama, again relying on the two-thirds computation. The Commission argues that the Convention does not apply, because the Convention did not become effective for Panama until six months after Smythe was transferred to the United States. The Commission contends that Smythe's transfer was governed by the United States-Panama treaty in force at the time.

Under the United States-Panama treaty, article VI, section 2, the completion of the offender's sentence shall be carried out in accordance with the laws of the receiving state, here the United States. Interpreting an almost identical prisoner transfer provision in a treaty between the United States and Canada, the Tenth Circuit concluded that United States law governed the execution of the transferred prisoner's sentence. Verner v. United States Parole Comm'n, 150 F.3d 1172, 1176-77 (10th Cir. 1998). We agree, and conclude that under the United States-Panama treaty, United States law governs the execution of the foreign sentence. Smythe's fifteen-year sentence is valid under United States law. Besides, Smythe requested transfer under the United States-Panama treaty and consented to the application of United States law when he signed the verification of consent to transfer form.

We reject Smythe's argument that the Convention must apply instead of the United State-Panama treaty. Article twenty-two of the Convention governs the relationship to other conventions and agreements. Article twenty-two, section two states that if two parties have a separate agreement or treaty on the transfer of sentenced persons, the parties may apply that agreement in lieu of the Convention. Thus the Convention does not override the United States-Panama treaty. Further, article twenty-two, section four states that when two treaties apply, the requesting

State shall indicate which agreement will apply to the transfer. The United States-Panama treaty was the only treaty in force at the time, and Smythe's request for transfer states "I would like to make use of the benefits regarding the serving of sentence pursuant to the Treaty signed between Panama and the United States in 1979." The treaty described in Smythe's request is the United States-Panama treaty. In addition, the verification of the consent to transfer form Smythe signed is titled like the title of the United States-Panama treaty. Thus, we can reasonably conclude that Smythe, the United States, and Panama intended for the United States-Panama treaty to apply to Smythe's transfer.

Even if we applied the Convention, we reach the same result under the Convention and under 18 U.S.C. § 4106A(b)(1)(C). The statute and the Convention each state that the sentence calculated by the United States as the receiving state shall not exceed (or aggravate) the sentence imposed by the foreign court. Because we reject Smythe's contention that his Panamanian sentence is ten years, not fifteen years, it does not matter which treaty applies.

For Smythe's argument to succeed, Smythe must prove that his sentence should be only two-thirds of fifteen years (or ten years), and he has not done so. The statement Smythe relies on provides only a computation. Smythe provided no supporting documentation stating that he is entitled to release after ten years in prison. The record does not indicate whether certain terms must be met before Smythe would have been entitled to release in Panama before the expiration of the full fifteen-year term, similar to being eligible for parole based on good behavior, or whether release would have been automatic. In short, we have no way of determining what the two-thirds computation means. Thus, we accept the computation at face value, as a calculation, nothing more. Smythe failed to prove the computation has any force of law to alter the fifteen-year sentence imposed by the Panamanian court. Because we conclude Smythe's foreign sentence is fifteen years, not ten years, Smythe's United States release date was properly set.

We thus affirm the decision of the United States Parole Commission. We grant the motions to supplement the record.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.